# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENOIT BROOKENS,<br><br>   *Plaintiff*,<br><br> v.<br><br>R. ALEXANDER ACOSTA, Secretary,<br>Department of Labor,<br><br>   *Defendant*. | Civil Action No. 16-1390 (TJK) |

## MEMORANDUM OPINION

Plaintiff Benoit Brookens worked as an economist for the Department of Labor ("DOL," sued in this case through Defendant, the Secretary of Labor, in his official capacity). Brookens claims that DOL unlawfully terminated him, alleging that his firing amounted to age- and race-based discrimination and retaliation for his union activity. He litigated those claims before the Merit Systems Protection Board ("MSPB"), which rejected them. He then sought to appeal the MSPB's decision to the U.S. Court of Appeals for the Federal Circuit. Because Brookens' discrimination claims deprived the Federal Circuit of jurisdiction, it transferred the case here.

DOL has moved to dismiss, arguing that Brookens' failure to file this lawsuit within 30 days of when he received the MSPB's order deprives this Court of subject matter jurisdiction. The Court agrees and will dismiss the case.

**I. Factual and Procedural Background**

Brookens is a former DOL economist with degrees in law and economics. *See* ECF No. 18-1 ("Fed. Cir. Tr.") at 9:21-10:4. DOL fired him in 2008. ECF No. 7 at 1; *Brookens v. Dep't of Labor*, 120 M.S.P.R. 678, 680 (2014). He then filed grievances for arbitration, claiming, among other things, that his firing was both the result of unlawful age and race discrimination

and in retaliation for his participation in protected union activity (such as a grievance he had filed in 1999). *Brookens*, 120 M.S.P.R. at 680-81. In 2012, an arbitrator disagreed and rejected the claims. *See id.* Brookens appealed the arbitrator's decision to the MSPB, which referred the case to an administrative law judge ("ALJ"). *Id.* at 686.

The ALJ recommended ruling against Brookens on the ground that he had not substantiated his claims. *Brookens v. Dep't of Labor*, No. CB-7121-13-0012-V-1, 2014 WL 7146454 ¶¶ 3-4 (M.S.P.B. Dec. 16, 2014). After Brookens failed to file timely objections to the ALJ's recommendations, the MSPB adopted those recommendations in an order dated December 16, 2014. *See id.* ¶¶ 5-7. The MSPB explained that the order was its "final decision." *Id.* ¶ 8. The order informed Brookens that he could seek further review of his discrimination claims before the Equal Employment Opportunity Commission. *Id.* Alternatively, Brookens could seek review of all of his claims in federal district court if he did so in a timely manner, as the MSPB's order explained:

> You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. ***If you choose to file, be very careful to file on time.***

*Id.* (emphasis added). Brookens does not dispute that he received a copy of the order within five days of when it was issued (that is, by December 21, 2014). *See* ECF No. 23 ("Pl.'s Supp.") at 1-2.

Brookens did not file suit in district court within 30 days. Instead, on February 12, 2015, he sought to appeal the MSPB's decision to the U.S. Court of Appeals for the Federal Circuit. *See* ECF No. 1-2 ("Fed. Cir. Dkt.") at 3. The Federal Circuit required Brookens to file a form explaining the status of any discrimination claims by checking one of five boxes. His options

2

included: that his case had never included discrimination claims, that he had abandoned any discrimination claims previously before the MSPB, and that the MSPB's ruling was jurisdictional. Brookens, who had been represented by counsel before the MSPB but was proceeding *pro se* at the time, erroneously selected the first of those three options. *See* Form 10 Statement Concerning Discrimination, *Brookens v. Labor Dep't*, No. 15-3084 (Fed. Cir. Mar. 13, 2015), ECF No. 3. The Federal Circuit subsequently asked the parties to clarify whether Brookens had in fact permanently abandoned his earlier discrimination claims. *See* Fed. Cir. Dkt. at 5 (docket entry 57). The Federal Circuit also asked the parties to address whether the court had jurisdiction in light of *Kloeckner v. Solis*, 568 U.S. 41 (2012), which held that appeals from MSPB decisions in "mixed cases" (that is, cases before the MSPB that include discrimination claims) must be brought in district court, not the Federal Circuit. *See id.*; Fed. Cir. Dkt. at 5 (docket entry 57). Having once again retained counsel by that point, Brookens explained that he did intend to preserve his discrimination claims, but asserted that the MSPB's decision was jurisdictional and thus appealable to the Federal Circuit. *See* ECF No. 16-5; ECF No. 16-6.

At oral argument, the Federal Circuit panel appeared convinced that it lacked jurisdiction, and suggested that a transfer to this Court might be more appropriate than outright dismissal. *See* Fed. Cir. Tr. at 4:7-12, 6:1-9. DOL argued against a transfer on the ground that Brookens had not met the 30-day deadline for bringing suit in district court. *See id.* at 11:5-13. The judges on the panel expressed skepticism, opining that the "30-day deadline is not jurisdictional" and therefore could be "waive[d]" by the transferee district court. *Id.* at 11:14-17. When pressed at oral argument, DOL agreed that the 30-day deadline was not jurisdictional and could be waived, *id.* at 11:18-19, but asserted that Brookens could not justify equitable tolling of the 30-day

3

deadline because he had been aware of the deadline, had been represented by counsel before the MSPB, and himself had a legal education, *see id.* at 12:20-13:7. The panel, however, suggested that equitable tolling was "a decision that the District Court should make, not us," and DOL agreed. *Id.* at 12:15-19. The panel further suggested that Brookens might have an argument in favor of equitable tolling, given that the MSPB's order did not explain that Brookens had a right to an appeal to the Federal Circuit if he gave up his discrimination claims, *see id.* at 13:8-17, and that Brookens may have been "confused" about where to file, *see id.* at 12:9-12.

On May 9, 2016, the Federal Circuit issued a *per curiam* order concluding that Brookens' appeal was timely, but that the court lacked subject matter jurisdiction. *See* ECF No. 1-1 ("Fed. Cir. Order"). The Federal Circuit transferred the case to this Court pursuant to 28 U.S.C. § 1631. *See* Fed. Cir. Order.

After this Court received the case, DOL moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* ECF No. 16 ("DOL Br."). DOL now argues that the 30-day deadline for filing suit is, in fact, jurisdictional under the D.C. Circuit's holding in *King v. Dole*, 782 F.2d 274 (D.C. Cir. 1986) (per curiam). Therefore, DOL argues, the case must be dismissed for lack of subject matter jurisdiction because Brookens filed the Federal Circuit appeal more than 30 days after he received the MSPB's order. *See* DOL Br. at 3. DOL argues in the alternative that, even if *King* is no longer controlling precedent, the case should be dismissed as time-barred under Rule 12(b)(6). *See id.* at 3 n.1.

Brookens opposes on the ground that the Federal Circuit's order has already resolved DOL's motion by holding that his claims were timely and that this Court has jurisdiction. *See* ECF No. 18 ("Pl.'s Opp'n") at 3-8. Brookens further argues that the case should not be

4

dismissed merely because Brookens erred by filing in the wrong court, especially since he did so within the 60-day deadline for taking appeals from the MSPB to the Federal Circuit. *See id.* at 9.

## II. Legal Standard

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Thus, district courts must dismiss any claim over which they lack subject matter jurisdiction, regardless of when the challenge to subject matter jurisdiction arises. *See* Fed. R. Civ. P. 12(h)(3). When a party moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "the person seeking to invoke the jurisdiction of a federal court . . . bears the burden of establishing that the court has jurisdiction." *Hamidullah v. Obama*, 899 F. Supp. 2d 3, 6 (D.D.C. 2012). "Although a court must accept as true all of the [plaintiff's] factual allegations when reviewing a motion to dismiss pursuant to Rule 12(b)(1), factual allegations will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Id.* (alterations, citations and internal quotation marks omitted).

A motion to dismiss under Rule 12(b)(6) "tests whether a plaintiff has properly stated a claim." *BEG Invs., LLC v. Alberti*, 85 F. Supp. 3d 13, 24 (D.D.C. 2015). "A court considering such a motion presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor." *Id.* Nonetheless, the complaint must set forth enough facts to "state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "If 'no reasonable person could disagree on the date' on which the cause of action accrued, the court may dismiss a claim on statute of limitations grounds." *Potts v. Howard Univ. Hosp.*, 623 F. Supp. 2d 68, 72 (D.D.C. 2009) (quoting *Smith v. Brown & Williamson Tobacco Corp.*, 3 F. Supp. 2d 1473, 1475 (D.D.C. 1998)). "A complaint will be dismissed under Rule 12(b)(6) as 'conclusively time-barred' if 'a trial court determines that the allegation of other facts

5

consistent with the challenged pleading could not possibly cure the deficiency.'" *Momenian v. Davidson*, 878 F.3d 381, 387 (D.C. Cir. 2017) (internal quotation marks omitted) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)); *see also Tran v. Citibank, N.A.*, 208 F. Supp. 3d 302, 305 (D.D.C. 2016). "Yet 'courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint' because 'statute of limitations issues often depend on contested questions of fact.'" *Momenian*, 878 F.3d at 387 (quoting *Firestone*, 76 F.3d at 1209).

**III. Analysis**

    **A. Subject Matter Jurisdiction**

The Court agrees with DOL that this case should be dismissed for lack of subject matter jurisdiction because Brookens failed to bring suit within 30 days. Under 5 U.S.C. § 7703, district courts have jurisdiction to review MSPB decisions in "mixed cases"—that is, cases involving discrimination claims alongside other employment-related claims. *See* 5 U.S.C. § 7703(b)(2); *Perry v. MSPB*, 137 S. Ct. 1975 (2017); *Kloeckner v. Solis*, 568 U.S. 41 (2012). "Notwithstanding any other provision of law, any such case . . . must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action . . . ." 5 U.S.C. § 7703(b)(2). That 30-day deadline is jurisdictional and may not be extended. *See King v. Dole*, 782 F.2d 274, 275 (D.C. Cir. 1986) (per curiam) (affirming the district court's dismissal for lack of subject matter jurisdiction); *see also Butler v. West*, 164 F.3d 634, 638 (D.C. Cir. 1999) (describing *King*'s holding as jurisdictional).

In supplemental submissions on the issue of when Brookens "received notice" of the MSPB's order for purposes of the statute, DOL and Brookens agree that he received a copy of the MSPB's order within five days of when it was issued—that is, no later than December 21,

6

2014. *See* Pl.'s Supp. at 1-2; ECF No. 21 at 8.¹ Nonetheless, he filed this case in the Federal Circuit on February 12, 2015, more than 30 days after he received notice of the MSPB's order. Therefore, the Court lacks jurisdiction over this action, which must be dismissed.

Brookens' primary argument is that this Court is bound to accept jurisdiction because of the Federal Circuit's transfer order, and he cites *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988).² *See* Pl.'s Opp'n at 3. In *Christianson*, the Federal Circuit concluded that it lacked jurisdiction over an appeal and transferred the case to the Seventh Circuit under 28 U.S.C. § 1631. *See* 486 U.S. at 806. The Seventh Circuit disagreed and transferred the case back. *See id.* The Federal Circuit, while continuing to believe it lacked jurisdiction, nonetheless proceeded to consider the appeal. *See id.* at 807. The Supreme Court held that to be error, because courts may not hear cases over which they lack jurisdiction. *Id.* at 818. Nonetheless, the Court expressed concern that "every borderline case" might "culminate in a perpetual game of jurisdictional ping-pong." *Id.* The Court therefore stated, in dictum, that transferee courts should apply "law-of-the-case principles" to transferor courts' decisions under § 1631. 486 U.S. at 819. That is, the transferee court should reach a different conclusion on jurisdiction only if the decision to transfer was "clearly erroneous" or not "plausible." *Id.*

In this case, the Federal Circuit concluded that it lacked jurisdiction and transferred the case here pursuant to 28 U.S.C. § 1631. *See* Fed. Cir. Order. The panel's statements at oral

---

¹ Brookens asks the Court to disregard any "new argument" raised by DOL in its supplemental submission unless he is given the opportunity to respond. *See* Pl.'s Supp. at 1. No further briefing is necessary, because the Court has considered the supplemental submissions only insofar as they agree on the fact that Brookens "received notice" by December 21, 2014.

² Brookens also relies on several cases holding that transfer orders under 28 U.S.C. § 1631 are not appealable final orders. *See, e.g., Ukiah Adventist Hosp. v. FTC*, 981 F.2d 543, 546 (D.C. Cir. 1992). Those cases are clearly inapposite because DOL is not seeking appellate review of the Federal Circuit's order.

7

argument suggested that it believed this Court to have jurisdiction. *See* Fed. Cir. Tr. at 11:14-17. Indeed, the panel must have concluded that to be the case, because the statute only authorizes transfer to a "court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631; *see Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1347 (Fed. Cir. 2008) ("The plain language of the statute requires that the transferee court have jurisdiction over the claim.").

*King*, however, compels the Court to conclude that the action could not have been brought here at the time it was filed, because Brookens' failure to file on time deprives this Court of jurisdiction. *See Butler*, 164 F.3d at 638; *King*, 782 F.2d at 275. There is no indication in the record that the *King* case was ever brought to the Federal Circuit's attention. Its decision was thus clearly erroneous insofar as it found jurisdiction here, because the court overlooked controlling authority. *See In re Zermeno-Gomez*, 868 F.3d 1048, 1053 (9th Cir. 2017) (holding it is "clear error for a district court to disregard a published opinion" of its court of appeals). The Court also notes that this case will not "culminate in a perpetual game of jurisdictional ping-pong," *Christianson*, 486 U.S. at 818, because the Court agrees with the Federal Circuit's conclusion that it lacked subject matter jurisdiction and will dismiss the case instead of ordering a re-transfer back to the Federal Circuit. And it does not matter that DOL appeared to concede at oral argument that the relevant statute of limitations is nonjurisdictional, *see* Fed. Cir. Tr. at 11:18-19, because the Court must ensure it has subject matter jurisdiction independent of the parties' wishes.

As DOL acknowledges, legal developments since *King*—in particular, a number of Supreme Court decisions beginning with *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990)—have drawn the viability of *King*'s holding into question. *See* DOL Br. at 3 n.1;

8

*Montoya v. Chao*, 296 F.3d 952, 955-57 (10th Cir. 2002). *See generally Fedora v. MSPB*, 848 F.3d 1013, 1017-26 (Fed. Cir. 2017) (Plager, J., dissenting) (discussing that line of cases). In *Irwin*, the Supreme Court held that 42 U.S.C. § 2000e-16(c), which at that time required that an employment discrimination suit against the government be brought within 30 days of receiving notice of final agency action, is not a jurisdictional bar depriving district courts of subject matter jurisdiction, but is instead subject to equitable tolling. 498 U.S. at 91-92, 94-95. Subsequent cases cast further doubt on the propriety of treating statutes of limitations as jurisdictional. *See, e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510 (2006).

Relying on *Irwin*, two judges in this District have concluded that *King* is no longer controlling law. *See Williams v. Court Servs. & Offender Supervision Agency for D.C.*, 772 F. Supp. 2d 186, 188-89 (D.D.C. 2011), *vacated on reconsideration*, 840 F. Supp. 2d 192 (D.D.C. 2012); *Becton v. Pena*, 946 F. Supp. 84, 86-87 (D.D.C. 1996). The Court must part ways with those decisions, however, because "district judges, like panels of [the D.C. Circuit], are obligated to follow controlling circuit precedent until either [the Circuit], sitting en banc, or the Supreme Court, overrule[s] it." *United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997). Controlling precedent may be "effectively overruled," but only if a later Supreme Court decision "eviscerates" its reasoning. *Perry v. MSPB*, 829 F.3d 760, 764 (D.C. Cir. 2016), *rev'd on other grounds*, 137 S. Ct. 1975 (2017). And "[l]ower courts . . . , out of respect for the great doctrine of *stare decisis*, are ordinarily reluctant to conclude that a higher court precedent has been overruled by implication." *Levine v. Heffernan*, 864 F.2d 457, 461 (7th Cir. 1988); *see also Agostini v. Felton*, 521 U.S. 203, 207 (1997) ("[L]ower courts should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.").

This Court cannot conclude that the Supreme Court has so thoroughly "eviscerated" *King* as to effectively overrule it.

First, a careful comparison of *King*'s reasoning with that of *Irwin* and subsequent Supreme Court decisions in this area does not compel that conclusion. *Irwin* announced a general rule that there is a "rebuttable presumption" that statutes of limitations in suits against the United States are not jurisdictional, but rather are subject to equitable tolling. 498 U.S. at 95-96. As the Court subsequently explained in greater detail, courts had often mislabeled statutes of limitations as "jurisdictional" and should be more "meticulous" in applying that term. *Kontrick v. Ryan*, 540 U.S. 443, 454-55 (2004). In fact, "most time bars are nonjurisdictional." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015). But not all of them. A statute of limitations is jurisdictional if a "clear statement" to that effect can be drawn from the statute's text, context, and legislative history. *Id.*

The opinion in *King* at least arguably undertakes such an analysis. *King* started with the text, grounding its conclusion in "the *clear* and emphatic language of the statutory provision at issue." 782 F.2d at 276 (emphasis added). "By providing that '[n]otwithstanding any other provision of law, any such case filed . . . must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action,' Congress left no doubt as to the mandatory nature of the time limit." *Id.* (alterations in original) (citation omitted). That language is not at all similar to the language construed by the Court in *Irwin*. *See* 498 U.S. at 94. Rather, it resembles language that another circuit court has found to be jurisdictional, *Irwin* and its progeny notwithstanding. *See Aloe Vera of Am., Inc. v. United States*, 580 F.3d 867, 871-72 (9th Cir. 2009) (holding that the phrase "notwithstanding any other provision of law" showed that "Congress intended statute of limitations to be absolute"). As a result, the *King* court's

10

reasoning is hardly eviscerated by those cases. Indeed, in a case post-dating *Irwin*, the D.C. Circuit cited *King* for the proposition that § 7703(b)(2) is a jurisdictional time bar. *See Butler*, 164 F.3d at 638.

*King* also looked to the context of § 7703(b)(2), and specifically its relationship to a neighboring subsection, § 7703(b)(1). That subsection, which governs appeals from the MSPB to the Federal Circuit, is similarly worded to § 7703(b)(2). In *King*, the D.C. Circuit noted that it had already determined the timeliness provision of § 7703(b)(1) to be jurisdictional. *See* 782 F.2d at 275-76. Thus, it concluded, that construction should apply equally to § 7703(b)(2) according to traditional canons of statutory interpretation. *Id.* Courts have not abandoned that reading of § 7703(b)(1) since *King*. To the contrary, the Federal Circuit recently reaffirmed its pre-*Irwin* precedent holding that the time limit in § 7703(b)(1) is jurisdictional. *See Fedora*, 848 F.3d at 1014-16. And another court in this District has cited *King* for that very proposition. *See Abou-Hussein v. Mabus*, 953 F. Supp. 2d 251, 262 (D.D.C. 2013).

Second, given the highly contextual application of the Supreme Court's "clear statement" requirement, courts have been reluctant to conclude that the *Irwin* line of cases overturned settled law interpreting whether other statutes are jurisdictional. As another judge in this District has observed, "*Irwin* does not, as a general matter, overrule prior cases in which the courts have declared a specific statute to be jurisdictional." *Coal River Energy, LLC v. U.S. Dep't of the Interior*, 931 F. Supp. 2d 64, 68 n.3 (D.D.C. 2013), *aff'd*, 751 F.3d 659 (D.C. Cir. 2014). For example, *Irwin* and its progeny did not disturb prior Supreme Court precedent holding that the statute of limitations for actions in the Court of Federal Claims is jurisdictional. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 136-39 (2008). Nor did they "call[] into

11

question [the Supreme Court's] longstanding treatment of statutory time limits for taking an appeal as jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Third, *Irwin* left room for a circuit split to develop regarding the interpretation of § 7703(b)(2), providing further evidence that the Supreme Court did not "eviscerate" *King* and thus effectively overrule it. To be sure, the majority of circuit courts to consider the issue after *Irwin* have held that the statute of limitations in § 7703(b)(2) is nonjurisdictional. *See Oja v. Dep't of Army*, 405 F.3d 1349, 1357-58 (Fed. Cir. 2005) (collecting cases). Nonetheless, after *Irwin* was decided, the Sixth Circuit reaffirmed an earlier case, *Hilliard v. USPS*, 814 F.2d 325 (6th Cir. 1987), that held the contrary. *Dean v. Veteran's Admin. Reg'l Office*, 943 F.2d 667, 669-70 (6th Cir. 1991), *vacated on other grounds*, 503 U.S. 902 (1992); *see also Felder v. Runyon*, No. 00-1011, 2000 WL 1478145, at *2 (6th Cir. Sept. 26, 2000) (citing *Dean* favorably). While conceding that it might reach a different outcome if "writing on a clean slate," the Sixth Circuit concluded that "*Hilliard* is the law in this circuit and it was not overruled by the Supreme Court in *Irwin*." *Dean*, 943 F.2d at 670. So too here.

Finally, the Supreme Court's only discussion of the specific time bar at issue, from its unanimous 2012 opinion in *Kloeckner*, is ambiguous at best. At first glance, the *Kloeckner* opinion supports a conclusion that *King* is no longer good law: the Court described the second sentence of § 7703(b)(2) (which contains the time bar) as "nothing more than a filing deadline" and drew a sharp line between it and the first, jurisdictional sentence (which gives district courts authority to hear "mixed cases" arising from MSPB proceedings). 568 U.S. at 52. But the same paragraph of the Court's opinion, when parsed with care, also points in the opposite direction:

> [The second sentence of § 7703(b)(2)] sets the clock running for *when* a case that belongs in district court must be filed there. What it does not do is to further define *which* timely-brought cases belong in district court instead of in the Federal Circuit. *Describing*

12

> *those cases* [*i.e.*, the "timely-brought cases" that "belong in district court"] *is the first sentence's role*.

*Id.* at 53 (emphases in closing sentence added). This passage arguably reinforces *King* insofar as it suggests that the jurisdictional component of § 7703(b)(2), by describing which "*timely-brought* cases belong in district court," incorporates the time bar in the second sentence. 568 U.S. at 53 (emphasis added).

At the end of the day, trying to distill a clear lesson from *Kloeckner* about the jurisdictional nature of this time bar is difficult, at best. *Kloeckner* does not speak directly to the issue at hand. The Court's discussion of § 7703(b)(2) responded to an argument that the time bar somehow extended the jurisdiction of the Federal Circuit. *See* 568 U.S. at 50-54. The Court did not expressly consider whether the time bar limited the jurisdiction of the district courts, and it would be surprising if the Court intended to reach that issue, given that it did not cite any of the cases in the *Irwin* line of authority. *See* 568 U.S. at 52-53.

It may well be that the D.C. Circuit will conclude at some point that *King* is no longer good law. But that day has not come. In the absence of clear Supreme Court precedent overruling *King*, this Court will "follow the case which directly controls, leaving to [the D.C. Circuit] the prerogative of overruling its own decisions." *Agostini*, 521 U.S. at 207. The Court thus concludes that *King*'s jurisdictional holding remains binding on district courts in this Circuit and compels dismissal of this case for lack of subject matter jurisdiction.

**B.  Equitable Tolling**

Because of the uncertainty over *King*'s jurisdictional holding, the Court will address DOL's alternative argument that the case should be dismissed as time-barred under Rule 12(b)(6). That issue was not decided by the Federal Circuit's order, and therefore is not part of the law of the case. *See* Fed. Cir. Order. Indeed, at oral argument, the panel suggested that

13

whether to apply the doctrine of equitable tolling was "a decision that the District Court should make, not us." Fed. Cir. Tr. at 12:16-17. The Court would dismiss the case as time-barred even if it had jurisdiction because Brookens has not alleged any facts that would warrant tolling the statute of limitations.

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Mizell v. SunTrust Bank*, 26 F. Supp. 3d 80, 87 (D.D.C. 2014) (quoting *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005)). The D.C. Circuit has emphasized that equitable tolling is justified "only in extraordinary and carefully circumscribed [in]stances." *Norman v. United States*, 467 F.3d 773, 776 (D.C. Cir. 2006) (quoting *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998)). For example, such tolling is appropriate where "despite all due diligence [a plaintiff] is unable to obtain vital information bearing on the existence of her claim." *Id.* (alteration in original) (quoting *Smith-Haynie*, 155 F.3d at 579). "The circumstance that stood in a litigant's way cannot be a product of that litigant's own misunderstanding of the law or tactical mistakes in litigation. When a deadline is missed as a result of a 'garden variety claim of excusable neglect' or a 'simple miscalculation,' equitable tolling is not justified." *Menominee Indian Tribe of Wis. v. United States*, 764 F.3d 51, 58 (D.C. Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 651 (2010)), *aff'd*, 136 S. Ct. 750 (2016). Thus, equitable tolling is available "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016) (emphasis in original).

Here, Brookens' only argument for equitable tolling is that he erroneously believed that the Federal Circuit was the right forum for review of the MSPB's order and filed within the time

limits prescribed for an appeal to that forum. *See* Pl.'s Opp'n at 9. The sources of his confusion, he suggests, are that the MSPB's order "did not instruct Plaintiff as to the limitations when filing in the Federal Circuit Court of Appeals" and that the "name of the court, standing alone, is reason enough for a non-practitioner in the federal sector"—much less a litigant proceeding *pro se*, as Brookens was at the time—"to believe that it is the proper forum within which to plead an appeal." *Id.*

Such misapprehension of the law is facially insufficient to toll the statute of limitations. *See Menominee Indian Tribe*, 764 F.3d at 58; *Miller v. Downtown Bid Servs. Corp.*, No. 17-cv-389 (RBW), 2017 WL 5564550, at *4 (D.D.C. Nov. 17, 2017) (applying the same rule to a *pro se* litigant). Moreover, the law in 2014 was hardly as confusing as Brookens implies. While the rules for MSPB proceedings may be complex and at times confusing, "even within the most intricate and complex systems, some things are plain." *Kloeckner*, 568 U.S. at 49. In 2012, *Kloeckner* clearly held that federal employees appealing MSPB decisions in "mixed cases" that include discrimination claims must file in district court, not the Federal Circuit. *See id.* Therefore, when he received the MSPB's order in December 2014, Brookens faced a clear choice: he could abandon his discrimination claims and appeal to the Federal Circuit within 60 days, or he could keep his discrimination claims and bring suit in federal district court within 30 days. He instead chose the path foreclosed by *Kloeckner*, bringing suit in the Federal Circuit while attempting to preserve his discrimination claims.

Admittedly, jurisdiction over "mixed cases" did not remain clear in every respect after *Kloeckner*. Both the D.C. and Federal Circuits held that, despite *Kloeckner*, the Federal Circuit continued to have jurisdiction over "mixed cases" if the MSPB's ruling was itself jurisdictional. *See Perry v. MSPB*, 829 F.3d 760, 762 (D.C. Cir. 2016), *rev'd*, 137 S. Ct. 1975 (2017); *Conforto*

*v. MSPB*, 713 F.3d 1111, 1117 (Fed. Cir. 2013), *abrogated by Perry v. MSPB*, 137 S. Ct. 1975 (2017). (In 2017, the Supreme Court disagreed. *See Perry*, 137 S. Ct. 1975.) But that nuance has no relevance to this case. The MSPB's order was clearly not decided on jurisdictional grounds; rather, because Brookens had failed to file timely objections, the MSPB adopted the ALJ's ruling, which had rejected Brookens' claims on the merits. *See Brookens*, 2014 WL 7146454 ¶ 7.

Any confusion about where to file this case was thus subjective and personal to Brookens, whose only real excuse is that he was proceeding *pro se*. Brookens' "inability to retain an attorney is not an extraordinary circumstance" sufficient to toll the statute of limitations. *Miller*, 2017 WL 5564550, at *5. But even if it could be, it would not be here. Brookens has a law degree. *See* Fed. Cir. Tr. at 9:21-10:2. He is also a frequent litigator who by 2014 had filed several *pro se* lawsuits and appeals in this Circuit. *See, e.g.*, *Brookens v. Solis*, 616 F. Supp. 2d 81 (D.D.C.), *reconsideration denied*, 635 F. Supp. 2d 1 (D.D.C. 2009), *aff'd*, No. 09-5249, 2009 WL 5125192 (D.C. Cir. Dec. 9, 2009), *reh'g en banc denied*, No. 09-5249 (D.C. Cir. Mar. 31, 2010), *cert. denied*, 562 U.S. 890 (2010). Most importantly, Brookens should have known to file in district court within 30 days. That is because the MSPB told him so in unambiguous language, along with a warning to "be very careful to file on time." *Brookens*, 2014 WL 7146454. When Brookens disregarded that clear directive and filed in the Federal Circuit, he did so at his own peril. Moreover, if Brookens was confused about where to file suit, he could have filed in the Federal Circuit within 30 days, thereby safeguarding the possibility of a transfer to this Court by ensuring that the case would be timely regardless of which statute of limitations was ultimately determined to apply. Inexplicably, he waited.

16

Finally, even after filing in the wrong court at the wrong time, Brookens had one last chance to save at least part of his case. After discovering the jurisdictional problem posed by Brookens' appeal, the Federal Circuit asked him whether he had abandoned his discrimination claims. Fed. Cir. Dkt. at 5 (docket entry 57). Had Brookens said "yes," he could have preserved the Federal Circuit's jurisdiction over the rest of his case. Instead, acting through counsel (which he had retained by that point), he continued to press his discrimination claims and advanced the meritless theory that the MSPB's ruling was jurisdictional. *See* ECF No. 16-5. Brookens thereby argued his way out of federal court entirely.

In sum, Brookens' failure to file on time and in the right court was entirely the result of his "misunderstanding of the law" and "tactical mistakes in litigation." *Menominee Indian Tribe*, 764 F.3d at 58. Therefore, even if the statute of limitations in 5 U.S.C. § 7703(b)(2) were subject to equitable tolling, the Court would find no basis for such tolling and dismiss the case as time-barred under Rule 12(b)(6).

**IV. Conclusion**

For the reasons set forth above, the Court **GRANTS** DOL's motion and **DISMISSES** the action for lack of subject matter jurisdiction, in a separate order.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 2, 2018